STATE OF MONTANA,
Plaintiff,                                                    NO. DC 97-7
vs.                                                           DECISION
Travis D. Widdicombe,
Defendant.

On December 3, 1997, it was the sentence and judgment of this court as follows: 1. For the offense of Deliberate Homicide for the killing of Cecil Smith, the defendant shall be sentenced to the custody of the Department of Public Health and Human Services for a period of sixty (60) years from December 1, 1997. 2. For the offense of Deliberate Homicide for the killing of Barry Smith, the defendant shall be sentenced to the custody of the Department of Public Health and Human Services for a period of sixty (60) years from December 1, 1997. 3. For the offense of Attempted Deliberate Homicide for the attempted killing of Nicole O'Neill, the defendant shall be sentenced to the custody of the Department of Public Health and Human Services for a period of twenty (20) years from December 1, 1997. 4. For the offense of Attempted Deliberate Homicide for the attempted killing of Devon Charles, the defendant shall be sentenced to the custody of the Department of Public Health and Human Services for a period of twenty (20) years from December 1, 1997. 5. For the offense of Criminal Endangerment, the defendant shall be sentenced to the custody of the Department of Public Health and Human Services for a period of ten (10) years from December 1, 1997. 6. Since the defendant used a weapon in the commission of these offenses, he shall be sentenced to the custody of the Department of Public Health and Human Services for a period of ten (10) years from December 1, 1997; such being pursuant to Section 46-18-221, Montana Code Annotated. 7. All of the time periods specified in paragraphs 1 through 6 shall run consecutively. 8. The Director of the Department of Public Health and Human Services shall have the discretion to place the defendant in an appropriate mental health or correctional facility. 9. As required by law, the defendant shall receive credit for time that he has been incarcerated in the Fergus County Jail. Such time commenced on February 9, 1997. The defendant has continuously been incarcerated since such time. 10. Should the defendant ever be released on parole, he shall abide by all rules and regulations of his parole, and by terms and conditions as stated in the December 3, 1997 judgment.

On June 4, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

64

The defendant was present and was represented by attorney Torger Oaas. The state was represented by Fergus County Attorney Thomas P. Meissner.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 4th day of June, 1998.

DATED this 17th day of June, 1998.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Member, Hon. Jeff Langton.**

The Sentence Review Board wishes to thank attorney Torger Oaas for representing Travis D. Widdicombe in this matter and also Fergus County Attorney Thomas P. Meissner for representing the State.